UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WBSY LICENSING, LLC,

    Plaintiff,

v.                                              Case No.:  3:21-cv-805-MMH-JBT

DUVAL COUNTY SCHOOL BOARD,

    Defendant.
_____/

**DEFENDANT'S MOTION TO DISMISS COMPLAINT
AND SUPPORTING MEMORANDUM OF LAW**

Defendant, the Duval County School Board ("DCSB"), pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, moves to dismiss Plaintiff WBSY Licensing, LLC's ("WBSY") Complaint for failure to state a claim upon which relief can be granted.  In support, DCSB states the following:

**I.**     **Introduction**

WBSY alleges a simple breach of contract claim for the DCSB's purported failure to sell WBSY its radio call sign pursuant to Section 3(e) of the parties' contract.  However, the exhibits to the Complaint demonstrate that WBSY does not have the right to purchase the radio call sign under the conditions alleged in the Complaint; rather, its purchase right is limited to certain channels.  And the August 26, 2020 letter purportedly exercising its purchase right shows that WBSY was in fact attempting to purchase the call

sign, and not the single item subject to Section 3(e) – the channels. Accordingly, the Complaint fails to state a claim for relief and is properly dismissed.

## II. Background and the Allegations of the Complaint

According to the Complaint, on June 29, 2017, Clearwire Spectrum Holdings III LLC ("Clearwire")[1] and the DCSB entered into an Educational Broadband Service Long-Term *De Facto* Transfer Lease Agreement (the "Lease Agreement") whereby the DCSB leased to Clearwire a percentage of its capacity on certain educational broadband service channels maintained by the DCSB. Dkt. 1, ¶ 3; Dkt. 1-3, p. 1. The Lease Agreement specifically defines "Channels"[2] and the "License"[3] and gives WBSY certain rights as to each one. Dkt. 1-3, pp.1, 3-5.

As it relates to the "Channels", the Lease Agreement grants WBSY the following rights[4]: (1) "to purchase the Channels covered by the Agreement . . .

---

[1] In 2019, Clearwire assigned its interest in the Lease Agreement to WBSY. Dkt. 1-1.

[2] "Channels" are defined in the Lease Agreement as "EBS channels A1, A2, A3, and A4 (collectively, together with any associated, guardband or J or K channels that may be granted)". Dkt. 1-3, p. 1.

[3] "License" is defined in the Lease Agreement as the channels "under call sign WLX922." Dkt. 1-3, p. 1.

[4] For purposes of this Motion, the DCSB relies on the face of the Lease Agreement to identify WBSY's potential rights. In doing so, the DCSB does not waive any defenses or arguments it may have to the Lease Agreement or any portion thereof.

at any time during the Term for the sum of all remaining Monthly Fee payments" (the "Channel Right to Purchase"; Section 3(e)); (2) the right of first refusal should DCSB "lease or otherwise use any of the capacity on the Channels (or any part thereof) in any other manner, or to acquire an option to acquire, lease or otherwise use any of the capacity on the Channels (or any part thereof from a third party" (the "Channel ROFR"; Section 4(b)); and (3) the right to participate should DCSB decide to "consider, issue or solicit bids, proposal or offers for the sale . . ., assignment, transfer or use of any part of the whole of the Channels" (the "Channel Right to Participate"; Section 4(d)).[5]

As it relates to the "License", the only potential right granted to WBSY is the right of first refusal with respect "to any and all bona fide offers, of any kind, received by the Licensee [DCSB] to acquire the License." (the "License ROFR"; Section 4(b)).

On August 26, 2020, WBSY provided notice – pursuant to Section 3(e), the Channel Right to Purchase – of its intent to exercise its purported purchase right "for call sign WLX922" for the set payment price. Dkt. 1-6.

---

[5] The right to participate in Section 4(d) did not "limit in any manner, and is in addition to the ROFR [right of first refusal] set forth in Subsection 4(b)." Dkt. 1-3; § 4(d).

3

On August 20, 2021, WBSY filed its Complaint against DCSB alleging breach of Lease Agreement and seeking specific performance of DCSB's purported obligations under Section 3(e) of the Lease Agreement.

For the reasons set forth below, the Complaint fails to state a cause of action against the DCSB and is therefore properly dismissed.

## III.  Standard of Review

In considering whether a complaint fails to state a claim upon which relief can be granted, a court is generally limited to reviewing what is within the four corners of the complaint, including attachments or exhibits provided with the complaint. *Gill as Next Friend of KCR v. Judd,* 941 F.3d 504, 511 (11th Cir. 2019); *see also* Fed.R.Civ.P. 10(c) (stating that an attachment to the complaint generally becomes "part of the pleading for all purposes."). "[W]hen exhibits attached to a complaint 'contradict the general and conclusory allegations of the pleading, the exhibits govern.'" *Gill*, 941 F.3d at 514.

It is axiomatic that in order to assert a claim for breach of contract, the contract must have, in fact, been breached and the plaintiff damaged as a result of such breach. *Vega v. T-Mobile USA, Inc.,* 564 F.3d 1256, 1272 (11th Cir. 2009).

IV. **The Complaint Must be Dismissed Because the Documents Attached to the Complaint Contradict Plaintiff's Allegations That the DCSB Breached the Lease Agreement**

Through artful pleading, WBSY alleges that it has the right to purchase WBSY's "License." Specifically, in the Complaint, WBSY defines "License" as the "four unique 'channels' of radio frequency spectrum in the Jacksonville, Florida area", and alleges that WBSY has the right – pursuant to Section 3(e) – to purchase the self-defined "License." Dkt. 1; ¶¶ 3, 27, 28. The Lease Agreement attached to the Complaint, however, contradicts WBSY's allegations that it has the right to purchase the DCSB's License pursuant to Section 3(e). The Lease Agreement specifically differentiates between "Channels" and the "License" and grants WBSY certain rights for each. The right set forth in Section 3(e) relates only to the "Channels" and permits WBSY "to purchase the Channels [A1, A2, A3 and A4] covered by the Agreement" upon meeting certain conditions. Dkt. 1-3, §3(e). Contrary to the Complaint's allegations, Section 3(e) does not grant WBSY the right to purchase the "License", which includes call sign WLX922 and any rights beyond those in channels A1, A2, A3 and A4.

Furthermore, the August 2020 letter attached to the Complaint shows that WBSY was in fact attempting to "exercise [its] Purchase Right for call sign WLX922" – the DCSB's "License", not the "Channels". Dkt. 1-6. However,

5

WBSY's only right to potentially purchase the License is through its License ROFR in Section 4(b), which is not at issue in this litigation.

Thus, based on the plain language of the documents attached to the Complaint, WBSY does not have the right – under the circumstances alleged – to purchase the DCSB's License, and further, it has not exercised its potential right to purchase the Channels pursuant to Section 3(e) of the Lease Agreement.  Accordingly, the DCSB has not breached its contract with WBSY; rather, WBSY is attempting to exercise rights that do not contractually exist.

## V.     Conclusion

For the forgoing reasons, the Complaint is properly dismissed.

## Local Rule 3.01(g) Certification

The undersigned certifies that the DCSB has conferred with opposing counsel by telephone regarding the substance of this Motion, and the parties do not agree on the resolution of the Motion.

Dated this 29th of October, 2021.

                OFFICE OF GENERAL COUNSEL

                */s/ Helen Peacock Roberson*
                Helen Peacock Roberson
                Assistant General Counsel
                Florida Bar No.: 16196
                Laura J. Boeckman
                Assistant General Counsel
                Florida Bar No.: 527750
                James Millard
                Assistant General Counsel
                Florida Bar No.: 47358
                117 West Duval Street, Suite 480
                Jacksonville, Florida 32202
                Tel: (904) 255-5100
                Fax: (904) 255-5120
                Hroberson@coj.net
                LBoeckman@coj.net
                JMillard@coj.net
                *Counsel for Duval County School Board*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 29th day of October, 2021, I electronically filed the forgoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

                */s/ Helen Peacock Roberson*
                *Counsel for Duval County School Board*