UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WBSY LICENSING, LLC,

    Plaintiff,

v.                                                    CASE NO.: 3:21-cv-805-MMH-JBT

DUVAL COUNTY SCHOOL BOARD,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss Complaint ("Motion") (Doc. 12) and Plaintiff's Response thereto ("Response") (Doc. 17). The Motion was referred to the undersigned for a report and recommendation regarding an appropriate resolution. (Doc. 22.) For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the Motion be **DENIED**, and that Defendant be directed to answer the Complaint (Doc. 1).

### I. Background

Plaintiff WBSY Licensing, LLC—a subsidiary of T-Mobile US, Inc.—seeks specific performance of a lease agreement allegedly requiring Defendant Duval County School Board ("DCSB") to sell a Federal Communications Commission ("FCC") license ("License") to Plaintiff. (Doc. 1.) The License permits the use of four specific channels of radiofrequency spectrum in the Jacksonville, Florida area ("Channels"). (*Id.* at 6.) On August 26, 2020, Plaintiff attempted to buy the

License pursuant to a provision in the contract labeled "Channel Acquisition" ("Purchase Provision").  (*Id*. at 3; Doc. 1-3 at 5.)  Defendant refused to sell the License and this case followed.  (*Id.* at 6.)

## II.  Standard

Under Federal Rule of Civil Procedure 12(b)(6), the Court must determine whether the SAC sets forth sufficient factual allegations to establish a claim upon which relief can be granted.  In evaluating whether Plaintiff has stated a claim, the Court must determine whether the SAC satisfies Federal Rule of Civil Procedure 8(a)(2), which requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

To satisfy this standard, a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do.  *Iqbal*, 556 U.S. at 678.  Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Though detailed factual allegations are not required to satisfy this standard, Rule 8(a) demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.*  Indeed, allegations

2

showing "[t]he mere possibility the defendant acted unlawfully [are] insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009); *see also Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'") (quoting *Twombly*, 550 U.S. at 557). Rather, the well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

In ruling on a motion to dismiss under Rule 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. *Sinaltrainal*, 578 F.3d at 1260. However, the Court is not required to accept Plaintiff's legal conclusions. *Iqbal*, 556 U.S. at 678 (noting "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). Nor is the Court "required to draw plaintiff's inference." *Sinaltrainal*, 578 F.3d at 1260 (internal citation and quotations omitted). "Similarly, unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations." *Id.* (internal citation and quotations omitted); *see also Iqbal*, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true").

**III.   Analysis**

Defendant argues that the Complaint fails to state a claim for breach of

3

contract because the terms of the Purchase Provision contradict Plaintiff's allegation that it has a right to purchase the License.  (Doc. 12 at 5.)  Specifically, the contract "differentiates between 'Channels' and the 'License' and grants WBSY certain rights for each."  (*Id.*)  Defendant maintains that the Purchase Provision grants Plaintiff the right to purchase only the Channels and not the License itself.  (*Id.*)  Therefore, the Court should so construe the lease agreement and dismiss the Complaint.

Plaintiff argues that Defendant's interpretation of the Purchase Provision would render it "illegal and a nullity."  (Doc. 17 at 8.)  It contends:

> WBSY's right to purchase 'the Channels' . . . can only refer to the right to purchase the License—the FCC-created property interest giving its holder the right to use the Channels. That is the only asset [DCSB] could lawfully sell, and that WBSY could lawfully buy, with respect to the spectrum covered by the Lease Agreement.

(Doc. 17 at 11.)

The undersigned recommends that the Motion be denied because Plaintiff has raised a plausible ambiguity in the contract, and the interpretation of arguably ambiguous contract terms is generally not appropriate at the motion to dismiss stage.

### A.    Legal Principles

The goal of contract interpretation "is to effectuate the parties' intent." *BioHealth Med. Lab., Inc. v. Cigna Health & Life Ins. Co.*, 706 F. App'x 521, 524

4

(11th Cir. 2017*)*.[1]  "We look first to the plain language of the [contract], reading the words in the context of the entire agreement and seeking to give meaning to every term."  *Id.*  "Should a contractual term be ambiguous—that is, reasonably susceptible to more than one meaning—then a reviewing court can consider extrinsic evidence to resolve the ambiguity."  *Id.*; *see also Adams v. Thiokol Corp.*, 231 F.3d 837, 844 (11th Cir. 2000) (stating that a court can consider extrinsic evidence to explain the meaning of an ambiguous or unclear term).  Thus, it is generally improper for a court to interpret an ambiguous contract at the motion to dismiss stage.  *See BioHealth*, 706 F. App'x at 524; *see also Precision Roofing of N. Fla. Inc. v. CenterState Bank*, No. 3:20-cv-352-J-39JRK, 2021 WL 3036354, at *2 (M.D. Fla. Feb. 22, 2021) (in deciding a motion to dismiss the court's review is "limited" and "the Court cannot engage in contract interpretation if the terms are ambiguous").

### B. Plaintiff has Shown an Arguable Ambiguity in the Lease

Plaintiff argues that the only way to give meaning to the Purchase Provision is to construe it as covering the License.  Plaintiff reasons:

---

[1] Although unpublished Eleventh Circuit decisions are not binding precedent, they may be persuasive authority on a particular point.  *See, e.g., Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 (11th Cir. 2018) ("Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive.").  Rule 32.1 of the Federal Rules of Appellate Procedure expressly allows citation to federal judicial unpublished dispositions that have been issued on or after January 1, 2007.  Fed. R. App. P. 32.1(a).  The undersigned finds persuasive the unpublished decisions cited herein.

> Because "the Channels"—like all channels of radiofrequency spectrum—are simply FCC-defined segments of spectrum controlled in perpetuity by the federal government, the only right to the Channels that any private party can possess is a right to use them pursuant to an FCC license.  *See* 47 U.S.C. § 301.  The Board therefore cannot have contracted to give WBSY a right to purchase **the Channels**, i.e., the spectrum itself; it could only contract to sell **the License** authorizing the use of the Channels.

(Doc. 17 at 8–9.)

At this stage, the Court need not determine whether Plaintiff's interpretation of the contract is correct, but only whether it has shown a reasonable ambiguity.  The undersigned recommends that it has.   Although the contract does not appear ambiguous on its face, it appears to contain a latent ambiguity.  *See Nationstar Mortg. Co. v. Levine*, 216 So. 3d 711, 715 (Fla. Dist. Ct. App. 2017) ("A latent ambiguity . . . 'arises when the language in a contract is clear and intelligible, but some extrinsic fact or extraneous evidence creates a need for interpretation or a choice between two or more possible meanings.'") (quoting *Riera v. Riera*, 86 So. 3d 1163, 1166 (Fla. Dist. Ct. App. 2012)).[2]  Plaintiff has plausibly argued that the impossibility of selling the Channels, as opposed to selling the License itself, is an extrinsic fact that creates the need for contract interpretation.  Defendant does not address this argument in the Motion.[3]  Thus, the undersigned recommends

---

[2] The lease agreement provides for the application of Florida law. (Doc. 1-3 at 13.)

[3] Further, Defendant never sought leave to file a reply.

6

that, at this early stage where the Court's review is limited, the Motion be denied.

## IV.     Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 12**) be **DENIED**.

2. Defendant be ordered to answer the Complaint within 14 days from the Court's Order on this Report and Recommendation.

### Notice To Parties

"Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2).  "A party may respond to another party's objections within 14 days after being served with a copy."  *Id.*  A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made.  *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**DONE AND ENTERED** in Jacksonville, Florida, on May 10, 2022.

*/s/ Joel B. Toomey*
JOEL B. TOOMEY
United States Magistrate Judge

7

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record