UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WBSY LICENSING, LLC,

    Plaintiff,

v.                                                 Case No.:  3:21-cv-805-MMH-JBT

DUVAL COUNTY SCHOOL BOARD,

    Defendant.
_____/

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, Duval County School Board ("DCSB"), by and through undersigned counsel, answers the Complaint filed by WBSY Licensing, LLC ("WBSY") as follows:

**NATURE OF THE ACTION**

1. DCSB admits that Exhibits C and F speak for themselves. DCSB otherwise denies the allegations.

2. DCSB denies the allegations.

3. DCSB admits that it holds an FCC license and has four channels of radio-frequency spectrum in the Jacksonville, Florida area. DCSB further admits that Exhibits A, B, and C speak for themselves. DCSB otherwise denies the allegations.

4. DCSB admits that WBSY sent a letter dated August 26, 2020 purporting to exercise a right to purchase DCSB's license and that the letter – which is attached to the Complaint as Exhibit F – speaks for itself. DCSB further admits that it did not initially respond to WBSY's letter. DCSB otherwise denies the allegations.

5. DCSB admits that representatives of WBSY had a call with representatives of DCSB to discuss WBSY's purported purchase right. DCSB further admits that DCSB advised WBSY that the Lease Agreement was not signed by the DCSB's Superintendent. DCSB otherwise denies the allegations.

6. DCSB admits that the Lease Agreement attached as Exhibit C speaks for itself. DCSB otherwise denies the allegations.

## PARTIES, JURISDICTION, AND VENUE

7. DCSB is without knowledge, and therefore denies the allegations.

8. DCSB admits the allegations.

9. DCSB admits the allegations for jurisdictional purposes only.

10. DCSB admits the allegations for jurisdictional purposes only.

11. DCSB admits the allegations for purposes of venue only.

## FACTUAL ALLEGATIONS

I. **The License**

12. DCSB admits that is has an FCC license which includes the use of four Educational Broadband spectrum channels of radio-frequency spectrum

in and around Jacksonville, Florida. DCSB further admits that the channels are designated as A1, A2, A3, and A4 and that the FCC call sign is WLX922. DCSB otherwise denies the allegations.

13. DCSB admits that its channels are part of the Educational Broadband spectrum, that the spectrum has historically been licensed by the FCC to educational institutions, and that the band of spectrum is commonly referred to as the "2.5GHz" band of spectrum. DCSB is otherwise without knowledge, and therefore denies the allegations.

14. DCSB admits that prior to April 2020, FCC regulations allowed only educational entities to hold EBS spectrum licenses and that DCSB leased a portion of its spectrum to non-educational entities. DCSB otherwise denies the allegations.

15. DCSB admits that the educational use requirement for EBS licenses was eliminated on or around April 27, 2020. DCSB further admits that Transforming the 2.5 GHz Band, 86 Fed. Reg. 10839 (2021) speaks for itself. DCSB otherwise denies the allegations.

**II.   The Lease Agreement**

16. DCSB admits that it leased channels covered by the License to an affiliate of Sprint Corporation and that it received payments under the terms of the operative lease. DCSB further admits that in or around 2017 WBSY's

predecessor sought to replace the prior lease. DCSB otherwise denies the allegations.

17. DCSB admits there was correspondence between Mr. Mehta and Mr. Phillips and that such correspondence speaks for itself. DCSB otherwise denies the allegations.

18. DCSB admits that the Lease Agreement attached as Exhibit C speaks for itself. DCSB otherwise denies the allegations.

19. DCSB admits that the quoted language appears in the Lease Agreement attached as Exhibit C. DCSB otherwise denies the allegations.

20. DCSB denies the allegations.

21. DCSB admits that Exhibits D and E and the correspondence and documents referenced in paragraph 21 speak for themselves. DCSB otherwise denies the allegations.

22. DCSB admits the allegations.

23. DCSB admits that the Lease Agreement attached as Exhibit C speaks for itself. DCSB otherwise denies the allegations.

24. DCSB admits that WBSY's predecessor made payments pursuant to the Lease Agreement attached as Exhibit C. DCSB otherwise denies the allegations.

25. DCSB admits that the correspondence and documents referenced in paragraph 25 speak for themselves. DCSB otherwise denies the allegations.

26. DCSB admits that WBSY has made monthly payments under the Lease Agreement attached as Exhibit C, and that DCSB accepted the monthly lease payments. DCSB otherwise denies the allegations.

27. DCSB admits that the Lease Agreement attached as Exhibit C speaks for itself. DCSB specifically denies that WBSY has the right to purchase the License – as defined in the Lease Agreement – pursuant to Section 3(e). DCSB otherwise denies the allegations.

28. DCSB admits that the Lease Agreement attached as Exhibit C speaks for itself. DCSB otherwise denies the allegations.

29. DCSB admits that the Lease Agreement attached as Exhibit C speaks for itself. DCSB specifically denies that WBSY has the right to purchase the License – as defined in the Lease Agreement – pursuant to Section 3(e). DCSB otherwise denies the allegations.

### III. The Board Breaches the Lease Agreement by Failing to Execute the Purchase Right

30. DCSB admits that Exhibit F speaks for itself. DCSB otherwise denies the allegations.

31. DCSB admits that Exhibit F speaks for itself and that it did not execute an Asset Purchase Agreement. DCSB otherwise denies the allegations.

32. DCSB admits that Exhibit G speaks for itself. DCSB otherwise denies the allegations.

33. DCSB admits that Exhibit G speaks for itself. DCSB otherwise denies the allegations.

34. DCSB admits that Exhibit G speaks for itself and that WBSY made – and DCSB accepted – payments required by the Lease Agreement. DCSB otherwise denies the allegations.

### IV. The Board Asserts that WBSY's Purchase Right is Invalid

35. DCSB admits that representatives of DCSB had a phone call with representatives of WBSY on or about June 30, 2021. DCSB otherwise denies the allegations.

36. DCSB admits that DCSB advised WBSY that the Lease Agreement was not executed by the Superintendent. DCSB otherwise denies the allegations.

37. DCSB admits that representatives of DCSB had a phone call with representatives of WBSY on or about June 30, 2021. DCSB otherwise denies the allegations.

38. DCSB admits that representatives of DCSB had a phone call with representatives of WBSY on or about June 30, 2021. DCSB otherwise denies the allegations.

39. DCSB admits that representatives of DCSB had a phone call with representatives of WBSY on or about June 30, 2021. DCSB otherwise denies the allegations.

40. DCSB admits that it accepted the monthly fee due pursuant to the Lease Agreement and that the Lease Agreement attached as Exhibit C speaks for itself. DCSB otherwise denies the allegations.

41. DCSB denies the allegations.

## V. The Board's Breach Causes WBSY Irreparable Harm

42. DCSB denies the allegations.

43. DCSB is without knowledge, and therefore denies the allegations.

44. DCSB is without knowledge, and therefore denies the allegations.

45. DCSB admits that the Lease Agreement attached as Exhibit C speaks for itself. DCSB is otherwise without knowledge, and therefore denies, the allegations.

## CAUSES OF ACTION

### First Claim for Relief – Breach of Contract

46. DCSB repeats and re-alleges all of the allegations to the preceding paragraphs as if they were fully set forth herein.

47. DCSB admits that the Lease Agreement attached as Exhibit C speaks for itself. DCSB otherwise denies the allegations.

48. DCSB denies the allegations. Specifically, WBSY does not have the right to purchase the License – as defined in the Lease Agreement – under the conditions alleged in the Complaint.

49. DCSB admits that the Lease Agreement attached as Exhibit C speaks for itself. DCSB specifically denies that WBSY has the right to purchase the License – as defined in the Lease Agreement – pursuant to Section 3(e). DCSB otherwise denies the allegations.

50. DCSB admits that the Lease Agreement attached as Exhibit C speaks for itself. DCSB further admits that it has not executed any asset purchase agreement. DCSB otherwise denies the allegations.

51. DCSB is without knowledge, and therefore denies, the allegations.

52. DCSB denies the allegations.

53. DCSB denies the allegations.

54. DCSB admits that the Lease Agreement attached as Exhibit C speaks for itself. DCSB otherwise denies the allegations.

All allegations not specifically addressed are denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

55. Plaintiff's Complaint fails to state a claim for relief because the terms of the Lease Agreement attached to the Complaint contradict the allegations asserted in the Complaint. Specifically, WBSY's right to purchase

the License – as defined in the Lease Agreement – is governed by Section 4, not Section 3(e) which is the provision at issue in the Complaint.

### Second Affirmative Defense

56. Plaintiff's Complaint fails to state a claim for relief because the provision of the Lease Agreement WBSY purports to exercise – Section 3(e) – is an impermissible agreement to agree. As such, it is unenforceable as a matter of Florida law.

### Third Affirmative Defense

57. WBSY is barred from the relief sought in the Complaint because the provision at issue in the Lease Agreement – which was drafted by WBSY – is ambiguous and should therefore be construed against WBSY.

### Fourth Affirmative Defense

58. Section 3(e) of the Lease Agreement – the provision of the Lease Agreement which WBSY is purporting to exercise – is legally impossible to complete under current FCC rules. Thus, the provision fails under the doctrine of impossibility of performance and/or illegality.

### Demand for Attorneys' Fees

DCSB demands its reasonable attorneys' fees and costs pursuant to Section 20(f) of the Lease Agreement.

Dated this 9th of June, 2022.

                              OFFICE OF GENERAL COUNSEL

                              */s/   Helen Peacock Roberson*
                              Helen Peacock Roberson
                              Assistant General Counsel
                              Florida Bar No.: 16196
                              Laura J. Boeckman
                              Assistant General Counsel
                              Florida Bar No.: 527750
                              James Millard
                              Assistant General Counsel
                              Florida Bar No.: 47358
                              117 West Duval Street, Suite 480
                              Jacksonville, Florida 32202
                              Tel: (904) 255-5100
                              Fax: (904) 255-5120
                              Hroberson@coj.net
                              LBoeckman@coj.net
                              JMillard@coj.net
                              *Counsel for Duval County*
                              *School Board*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 9th day of June, 2022, I electronically filed the forgoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

                              */s/ Helen Peacock Roberson*
                              *Counsel for Duval County School Board*