UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WBSY LICENSING, LLC,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　CASE NO.:  3:21-cv-805-MMH-JBT

DUVAL COUNTY SCHOOL BOARD,

    Defendant.
_____/

**MEMORANDUM ORDER**

**THIS CAUSE** is before the Court on Plaintiff's Motion to Compel Deposition of Dr. Diana Greene and Supporting Memorandum of Authority ("Motion") (Doc. 34) and Defendant's Motion for Protective Order ("P. O. Motion") (Doc. 35).  For the reasons stated herein, the Motion is due to be **GRANTED** and the P. O. Motion is due to be **DENIED**.

The Court is satisfied that the deposition of Dr. Greene is being sought not for any purpose of harassment or strategic advantage, but because she was directly and personally involved in the events precipitating this lawsuit, i.e., the alleged breach of contract by Defendant.  Dr. Greene's own affidavit confirms her involvement.  (Doc. 35-4 at 4–5.)  Plaintiff should be allowed to cross-examine Dr. Greene and should not have to take her affidavit at face value.

The Court has considered Defendant's arguments and finds them unpersuasive in the context of the present dispute for several reasons.  First, the

Court finds Dr. Greene's involvement sufficiently relevant for purposes of discovery. Whether any of her testimony will ultimately be admissible is a separate question to be decided at a later time. Second, the Court disagrees that "Dr. Greene does not possess unique, non-repetitive, firsthand knowledge of the facts at issue." (Doc. 35 at 10.) Dr. Greene does possess firsthand knowledge since she was directly involved in the relevant events leading to the alleged breach. This knowledge is unique and non-repetitive given her position as the Superintendent of Duval County Public Schools. Third, no other less intrusive means of discovery exist. Neither written discovery nor depositions of other individuals are an adequate substitute for deposing Dr. Greene. Finally, the Court is not persuaded that the deposition of Dr. Greene would present an undue burden on her or Defendant. Although the Court fully appreciates Dr. Greene's extensive responsibilities, she has already provided an affidavit and, based on her asserted limited involvement, it should not take an undue amount of time for her or Defendant to prepare for and attend her deposition.

However, Plaintiff must adhere to the restrictions stated in its Motion, i.e., "(i) limiting the deposition to 3.5 hours; (ii) restricting it to the issues described herein; and (iii) taking the deposition in Jacksonville." (Doc. 34 at 6.) Moreover, although the Court is allowing a maximum of 3.5 hours for the deposition, it appears that the deposition should take significantly less time, absent any unforeseen developments. Plaintiff should be mindful of not taking any more time than needed to complete the deposition.

Accordingly, it is **ORDERED**:[1]

1. The Motion (**Doc. 34**) is **GRANTED**.

2. The P.O. Motion (**Doc. 35**) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida, on October 4, 2022.

*Joel B. Toomey*
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record

---

[1] Defendant's position was substantially justified and thus the Court will not award expenses.